# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN DALE GODSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1155-BMJ |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Glenn Dale Godsey, seeks judicial review of the Social Security Administration's denial of his disability insurance benefits (DIB). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), [Doc. No. 12], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

## I.  Procedural Background

On November 27, 2017, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to DIB. AR 12-20. The Appeals Council denied Plaintiff's request for review. *Id*. 1-6. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination

## II. The ALJ's Decision

The ALJ followed the multi-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining the multi-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff met the insured status requirement through December 31, 2018 and has not engaged in substantial gainful activity since February 5, 2016, his alleged onset date. AR 14.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: osteoarthritis, rheumatoid arthritis, and degenerative arthritis. *Id.* At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 16.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding Plaintiff could perform a full range of light work. *Id.* Finally, relying on the vocational expert's (VE) testimony, the ALJ found Plaintiff can perform his past relevant work as a hydro pneumatic tester and is therefore not disabled for purposes of the Social Security Act. *Id.* at 19.

## III. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether substantial evidence supports the factual findings and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). While the Court considers whether the ALJ followed the applicable rules of law, it does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted). Additionally, the Court may find an ALJ's error

harmless, if "based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way[.]" *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The burden to show prejudicial error on appeal rests with Plaintiff. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

## IV. Claims Presented for Judicial Review

Plaintiff raises two claims for relief, arguing the ALJ erred in (1) improperly rejecting the opinion of Dr. Seth H. Switzer, M.D.,[2] a treating physician and (2) evaluating Plaintiff's subjective complaints. *See* Pl.'s Br. at 7.

## V. Analysis

### A. The ALJ's Treatment of Dr. Switzer's Opinion

#### 1. Governing Law

Under Tenth Circuit authority, and SSA's regulations, the ALJ evaluates a treating physician's opinion following a two-step procedure. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). First, the ALJ must determine whether the treating physician's opinion should be given "controlling weight" on the matter to which it relates. *See id*. The treating physician's opinion must be given controlling weight if it is both well supported by medically acceptable clinical or laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *See id.* Second, if the ALJ has determined that the treating physician's medical opinion is not entitled to controlling weight, the ALJ must determine what lesser weight

---

[2] Plaintiff refers to this physician as "Dr. Seth H. Swisher," Pl.'s Br. at 8, but the record reflects it is "Dr. Seth H. Switzer." AR 706.

should be afforded the opinion. *See id.* at 1300-01. An ALJ must "'give good reasons . . .' for the weight assigned to a treating physician's opinion." *Id.* (citation omitted).

### 2. Discussion

According to Plaintiff, the ALJ improperly rejected Dr. Switzer's opinion in favor of a medical examiner's (ME) opinion. *See* Pl.'s Br. at 8-11. The Court disagrees.

Dr. Switzer opined that Plaintiff could only sit continuously for thirty minutes, and for a total of four hours in an eight-hour day, and could only stand or walk for less than two hours in an eight-hour day. AR 705. The physician also indicated Plaintiff could only occasionally lift twenty pounds, he would need to lie down and rest at unpredictable intervals up to three times a week, and his impairments would often interfere with attention and concentration. *Id.* In the decision, the ALJ discussed Dr. Switzer's opinion but only afforded it only "some weight":

> as the limitations on lying down and concentration are not supported by treatment notes, which show the claimant regularly alert and had normal strength and range of motion . . . . Great weight is given to the treatment records and these do not establish support for these limitations especially not supporting the limitations related to need for lying down or interruption of attendance or concentration[.]

*Id.* at 18.

Additionally, the ALJ noted:

> Charles M. Murphy, M.D., the [ME], opined that the claimant could perform light work, and stand/walk or sit 6 hours (Hearing testimony). This opinion is given great weight, as it is consistent with the totality of evidence, including the claimant's largely normal gait, strength, and range of motion, improvement with conservative treatment, minimal mental health treatment, and hearing testimony. The doctor, relying on his expertise and review of the evidence specifically stated his opinion that the limitations presented by Dr. [Switzer] (Ex. 12F) were not supported because the record was insufficient in its documentation of the limitations as a result of the severe medical conditions he identified. Great [weight] is given to this opinion because it is supported by the complete record.

*Id.*

Plaintiff contends the ALJ's evaluation is flawed in two respects. First, he suggests "[t]he central reason for the ALJ's rejection of Dr. [Switzer's] opinion is the ME's claim Dr. [Switzer's] limitations lack support from the evidentiary record." Pl.'s Br. at 10. So, according to Plaintiff, the ALJ "improperly presumes the ME's opinion warrant[ed] greater deference . . . ." *Id.* at 10-11. But the Court finds no error here. That is, the ALJ did not reject Dr. Switzer's functional limitations opinion in favor of the ME's functional limitations opinion; instead, the ALJ relied on the ME's testimony that Dr. Switzer's limitations were not well supported by the medical record. *See supra* at 4. The distinction matters because an ALJ is entitled to rely on a ME's neutral opinion regarding whether limitations are supported by the evidence. *See Knox v. Colvin*, No. 13-CIV-67-FHM, 2014 WL 183912, at *5 (N.D. Okla. Jan. 14, 2014) ("The court finds that it was appropriate for the ALJ to obtain the testimony of a medical expert to determine whether [the physician's] limitations are supported by the medical record."); *see also Richardson v. Perales*, 402 U.S. 389, 408 (1971) (explaining that a ME is "a neutral adviser," "used primarily in complex cases for explanation of medical problems in terms understandable to the layman-examiner"). Of course, after giving Dr. Switzer's opinion only "some weight," the ALJ then gave "great weight" to the ME's opinion on Plaintiff's functional limitations. AR 18. Plaintiff does not directly challenge that stand-alone assessment, and the Court notes the ALJ identified numerous reasons for giving such weight to the ME's opinion. *Id.* ("This opinion is given great weight, as it is consistent with the totality of evidence, including the claimant's largely normal gait, strength, and range of motion, improvement with conservative treatment, minimal mental health treatment, and hearing testimony.").

Second, Plaintiff alleges the ALJ failed to "provide reasons for rejecting [Dr. Switzer's] limitations on sitting, standing, and walking." Pl.'s Br. at 11. The Court agrees the ALJ only

5

specifically mentioned Dr. Switzer's opined limitations on lying down and concentration, *see* AR 18, but concluded his analysis: "Great weight is given to the treatment records and these do not establish support for these limitations especially not supporting the limitations related to [Plaintiff's] need for lying down or interruption of attendance or concentration." *Id.* When reading the sentence structure with common sense, it is clear the ALJ was referring to all the limitations, including those related to sitting and walking/standing. *See Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (holding it is incumbent upon courts to "'exercise common sense' in reviewing an ALJ's decision and . . . not 'insist on technical perfection.'" (*quoting Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)).

In sum, the Court finds no error in the ALJ's reliance on the ME's testimony regarding whether evidence supported Dr. Switzer's opinion and no error in the ALJ's granting the treating physician's opinion only "some weight."

B. **The ALJ's Treatment of Plaintiff's Subjective Complaints**

1. **Governing Law**

The assessment of a claimant's RFC generally requires the ALJ to determine whether a claimant's statements describing "the intensity, persistence, and functionally limiting effects of . . . symptoms" such as pain and other subjective complaints are consistent with the record evidence. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017, applied to decisions made on or after March 28, 2016), at *2; *Wilson v. Astrue*, 602 F.3d 1136, 1144-45 (10th Cir. 2010). "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such

determinations when supported by substantial evidence." *Wilson*, 602 F.3d at 1144 (internal quotation marks omitted).[3]

The SSA has provided comprehensive guidance on how an ALJ considers claimants' statements regarding their symptoms when deciding whether he or she believes their assertions of severity:

> In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

SSR 16-3p, 2017 WL 5180304, at *4; *see also Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). In addition to using all of the evidence, the ALJ should consider the following factors:

> 1. Daily activities;
>
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2017 WL 5180304, at *7-8.

---

[3] In 2016, the SSA "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy" and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2. Nevertheless, this evaluation remains "the province of the finder of fact." *See Arterberry v. Berryhill*, 743 F. App'x 227, 231-32 and n.3 (10th Cir. 2018).

### 2. Discussion

Plaintiff complains the ALJ improperly evaluated his subjective complaints by: (1) mischaracterizing Plaintiff's ability to perform daily activities, and (2) improperly relying on the lack of supportive objective evidence. *See* Pl.'s Br. 13-15. Reviewing these arguments in reverse order, the Court finds any error harmless.

It is true that an ALJ may not impermissibly rely solely on a lack of objective medical *testing* in assessing subjective complaints. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting "a lack of objective medical tests evincing pain" is an insufficient reason, standing alone, to discount a plaintiff's subjective complaints). But the ALJ did not do so here. Instead, the ALJ extensively discussed the medical records, and then concluded (1) Plaintiff's symptoms were inconsistent with treatment notes, (2) he experienced reduced pain with medications, and (3) he often showed normal range of motion and gait. AR 17-18. These were proper factors for the ALJ to consider. *See supra* at 7. Accordingly, even if the Court agreed that the ALJ improperly mischaracterized Plaintiff's daily activities, any error would be harmless considering the other substantial evidence the ALJ properly considered. *See Cook v. Berryhill*, No. CIV-18-711-HE, 2019 WL 1783080, at *3 (W.D. Okla. Apr. 8, 2019) (finding the ALJ's allegedly improper mischaracterization of daily activities harmless where the ALJ considered other legitimate factors in assessing subjective complaints), *adopted*, 2019 WL 1781423 (W.D. Okla. Apr. 23, 2019).

## VI. Conclusion

For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

ENTERED this 24th day of September, 2019.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

9